**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-7397**

JAMES ALLEN HILL,

                Petitioner - Appellant,

      v.

BRYAN K. WELLS,

                Respondent - Appellee.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:19-hc-02018-FL)

Submitted:  January 21, 2020               Decided:  January 24, 2020

Before WILKINSON, KEENAN, and THACKER, Circuit Judges.

Dismissed by unpublished per curiam opinion.

James Allen Hill, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Allen Hill seeks to appeal the district court's order dismissing as successive his 28 U.S.C. § 2254 (2018) petition. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

In civil cases, parties have 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court entered its order on June 27, 2019. Hill filed his notice of appeal, at the earliest, on September 20, 2019.[*] Because Hill failed to file a timely notice of appeal or obtain an extension or reopening of the appeal period, we deny leave to proceed in forma pauperis and dismiss the appeal. We further deny Hill's motion for remand. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[*] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date the notice could have been properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c); *Houston v. Lack*, 487 U.S. 266, 270 (1988).